Whitfield v. American Storage and Transport

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand fourteen.

PRESENT:
>   DENNIS JACOBS,
>   DEBRA ANN LIVINGSTON,
>   RAYMOND J. LOHIER, JR.,
>       *Circuit Judges.*

_____

Alden T. Whitfield,

>       *Plaintiff-Appellant*,

>   v.                                                                  14-534

American Storage and Transport, Inc.,

>       *Defendant-Appellee*.

_____

**FOR PLAINTIFF-APPELLANT:**        Alden Whitfield, pro se, St. Albans, NY.

**FOR DEFENDANT-APPELLEE:**        Alan Pearl, Alan B. Pearl & Associates, P.C., Syosset, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Alden Whitfield, pro se, appeals from a grant of summary judgment dismissing his claim for reasonable accommodation under the Americans with Disabilities Act.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Summary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). We resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon such review, we affirm substantially for the reasons stated in Magistrate Judge Brown's thorough report and recommendation, which the district court adopted over Whitfield's timely objection. *See Whitfield v. Am. Storage & Transp.*, No. 12-cv-1622 (E.D.N.Y. Jan. 16, 2014), adopting *Whitfield v. Am. Storage & Transp.*, No. 12-cv-1622 (E.D.N.Y. Nov. 21, 2013) (report and recommendation).  We have considered all of Whitfield's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk